UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JONATHAN D.M.,[1]

        Petitioner,

    v.

WARDEN, et al.,

        Respondents.

No. 1:26-cv-03743-TLN-SCR

A # 244-348-026

**ORDER**

This matter is before the Court on Petitioner Jonathan D.M.'s ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Respondents filed an opposition.  (ECF No. 5.)  Petitioner filed a reply.  (ECF No. 8.)  For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

---

[1]    As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information.  *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL BACKGROUND

The instant action arises from Petitioner's arrest and detention by immigration authorities without notice or a hearing.  (*See* ECF No. 1.)  On January 11, 2024, Petitioner (then a noncitizen unaccompanied child) arrived at the San Ysidro Port of Entry, claiming asylum.  (ECF No. 5-1 at 2.)  Petitioner was served with Notice to Appear (Form I-200), was taken into U.S. Department of Homeland Security ("DHS") custody, pending a hearing before an immigration judge.  (*Id.* at 3.)  Petitioner was then turned over to a U.S. Immigration and Customs Enforcement ("ICE") Juvenile Coordinator and placed with a sponsor.  (*Id.*)

In February 2026, Petitioner was arrested by local law enforcement in Florida and was charged with two counts of larceny.  (ECF No. 5 at 1–2.)  Petitioner was then turned over to immigration authorities on or about February 8, 2026, and remains detained.  (*Id.* at 2.)

On May 21, 2026, Petitioner filed the instant action, challenging the lawfulness of his civil detention and seeking immediate release or a bond hearing in the alternative.  (ECF No. 1 at 6–7.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

Petitioner claims his detention without a bond hearing violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 6–7.)  In opposition, Respondents claim Petitioner is subject to

mandatory detention under 8 U.S.C. § 1226(c) because he was arrested for and charged with felony larceny grand theft and misdemeanor larceny petit theft.  (ECF No. 5 at 2–4.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693.  These due process rights extend to immigration proceedings and detention.  *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A.    Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'"  *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause."  *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025).  Liberty interest may be strengthened over time.  *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Here, Petitioner gained a protected liberty interest in his continued freedom when he was released and turned over to a sponsor in January 2024.  (ECF No. 5 at 1.)  As this Court and numerous other courts have concluded, individuals who have been released from immigration custody have a protected liberty interest in remaining out of custody.  *See, e.g.*, *Acosta v. Warden of the Golden State Annex Detention Facility*, No. 1:26-cv-00530-TLN-EFB, 2026 WL 350831,

at *3 (E.D. Cal. Feb. 9, 2026); *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (citing cases). The parties do not dispute Petitioner was previously released to a sponsor and Petitioner remained out of custody until he was re-arrested in February 2026.

Respondents argue Petitioner is subject to detention under 8 U.S.C. § 1226(c) because of his arrest for felony larceny grand theft with property value between $750 and $5,000, in violation of Florida Code § 812.014 and misdemeanor larceny petit theft, in violation of Florida Code § 812.014. (ECF No. 5 at 1–2.) Respondents note that under the plain language of § 1226(c), Petitioner's detention is mandatory. (*Id.* at 2.) In reply, Petitioner asserts that district courts have held § 1226(c)'s present-tense language applies only to noncitizens currently facing charges that would otherwise implicate the statute. (ECF No. 8 at 3 (citing *Singh*, 2026 WL 266021).) Petitioner notes that no charges have been filed against him, as the State Attorney's Office has not made a formal decision to prosecute and the case remains on non-filed status. (*Id.*)

Indeed, § 1226(c) provides mandatory detention of a noncitizen if the noncitizen "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" 8 U.S.C. § 1226(c)(1)(E)(ii). If Petitioner is indeed subject to mandatory detention, then his liberty interest would be significantly reduced. Section 1226(c), on its face, appears to apply to Petitioner as he was arrested for one of the enumerated crimes in § 1226(c)(1)(E)(ii), namely, a violation of Florida Code § 812.014, felony larceny grand theft with property value between $750 and $5,000. However, the statute does not require mandatory detention when charges are not filed. (ECF No. 8 at 3); *see also Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025) (noting § 1226(c) "no longer requires mandatory detention when charges are resolved via acquittal or dismissal and none of the other clauses apply").) Indeed, Petitioner attaches a Court Appearance Record for his criminal matter that shows his case has been placed on non-filed status with no next court appearance scheduled. (*See* ECF No. 8-2.) Requiring mandatory detention because of a mere

4

arrest raises significant due process concerns.  As another court in the Eastern District noted, "[t]o avoid those concerns, courts have construed [§ 1226(c)] to apply only where an individual is *currently* charged with or arrested for the enumerated crimes, and concluding mandatory detention is not required when charges are never filed . . . or where an individual has been acquitted." *Singh*, 2026 WL 266021, at *2 (citing cases).  Because Petitioner's criminal case has been placed on non-filed status, the Court is not persuaded at this juncture about the application of § 1226(c) to Petitioner's case.[2]

Accordingly, the foregoing does not change the Court's conclusion that Petitioner retains a liberty interest in his release from immigration detention protected by the Due Process Clause. *See Zadvydas*, 533 U.S. at 690.  The Court next considers what process was owed to Petitioner before depriving him of his liberty.

### B.    Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him.  Despite his interest in maintaining his liberty, Petitioner has now been detained for more than four months without any opportunity to be heard as to the justification of his detention.  Petitioner also notes that he has filed for asylum, reunited with his sister, built relationships, and was trying to restart his life as a young adult.  (ECF No. 8 at 7–8.)  Thus, Petitioner's private interest has been impacted by his

---

[2]    Accordingly, the Court declines to consider the parties' arguments at this juncture about whether Petitioner's detention under § 1226(c) is constitutional.  (*See* ECF Nos. 5, 8.)  Moreover, this Court has recently agreed with other courts in the Ninth Circuit that detention without a bond hearing under § 1226(c) is unconstitutional.  *See Jose G. M. L. v. Warden of Golden State Annex,* No. 1:26-CV-00047-TLN-EFB, 2026 WL 472987, at *3 (E.D. Cal. Feb. 19, 2026).

detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly); *Perera v. Jennings* (*Perera II*), 598 F. Supp. 3d 736, 745 (N.D. Cal. 2022) ("Any length of detention implicates the same fundamental liberty interest in remaining free from imprisonment.") (cleaned up) (quoting *Rajnish v. Jennings*, 2020 WL 7626414, at *6 (N.D. Cal. Dec. 22, 2020)).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received adequate process, either pre- or post-detention. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Additionally, Respondents do not contend that Petitioner is a danger to the public or a flight risk. (*See* ECF No. 5.) Therefore, the risk that he was detained without proper justification is high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards. Notice and custody determination hearings are routine processes for Respondents and are indeed the very processes required under 8 U.S.C. § 1226(a). Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal. Any burden associated with the provision of these processes does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation.

At a minimum, Petitioner was entitled to notice and a hearing to justify his detention. Respondents do not meaningfully engage with Petitioner's due process claim and have not provided any substantive opposition to the contrary. (*See generally* ECF No. 5.) Petitioner was

6

not provided any notice nor pre- or post-deprivation hearing.  Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

### IV.   CONCLUSION

Respondents detained Petitioner in violation of the Fifth Amendment and federal law. Accordingly, IT IS HEREBY ORDERED:

1. The Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

2. Respondents must IMMEDIATELY RELEASE Petitioner Jonathan D.M. (A# **244-348-026**) from custody.  At the time of release, Respondents must **provide a copy of this Order to Petitioner** and return all of Petitioner's documents and possessions;

3. **Respondents must file a notice of compliance with this Order within two days of the filing date of this Order**;

4. To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present;

5. The Clerk of the Court is directed to serve the **California City Detention Facility** with a copy of this Order; and

6. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 15, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

7